No. 12,710.

STATE OF LOUISIANA VS. DESIRE HERBERT, JR., AND LAODICE
LANDRY.

A motion to quash an indictment on the ground that the grand jury who presented
it was illegal, because they were not drawn and organized on the first day of
the term as fixed by law, comes too late if not filed on the first day of the term;
and same will be overruled, unless exceptional circumstances are stated
showing clearly that a compliance with the law in this respect was impracticable.

APPEAL from the Seventeenth Judicial District Court for the
Parish of Vermilion. *De Baillon, J.*

*M. J. Cunningham*, Attorney General, and *M. T. Gordy, Jr.*,
District Attorney (*P. A. Simmons, Jr.*, of Counsel), for Plaintiff,
Appellee.

*A. & Chas. Fontelieu, Edwards & Green* and *W. B. White* for Defendant, Appellant.

Submitted on briefs January 29, 1898.
Opinion handed down February 7, 1898.
Rehearing refused March 7, 1898.

The opinion of the court was delivered by

WATKINS, J. From a verdict convicting them of the crime of grand
larceny and a judgment sentencing them to ten years' imprisonment
in the State penitentiary, the defendants have prosecuted this
appeal.

One of the grounds principally relied upon is a motion to quash
the indictment, and it rests upon the following propositions, viz.:

1. That the grand jury who preferred the indictment against them
was not impaneled on the first day of the regular jury term of the
court, as the law requires—same being the 4th of October, 1897.

2. That no legal order was made or issued by the presiding judge
of the court adjourning the regular term thereof.

3. That the grand jury who preferred said indictment, not having
been impaneled until twenty-eight days after after the first day of

26

the term, as fixed by law for the opening of the court, same became *functi officio*.

4. That the order of the judge directing and requiring the sheriff to instruct the jury drawn for service during the first week of the regular jury term of court to return on the 2d of November, 1897, was wholly illegal and void, and of no effect in law.

This motion was filed, tried, evidence taken, argued, submitted and overruled on the same day, and defendants' counsel reserved a bill of exceptions.

The judge refused to sustain the motion to quash, on the ground that it was not timely, having been presented for the first time on the day of the trial, and several days subsequent to the defendants' arraignment.

The record discloses the following facts, viz.:

That on Monday, the 4th of October, 1897, the day fixed by law for the convocation of the jury term of the court, the presiding judge ordered the sheriff to open the court and discharge the grand and petit juries, which had been summoned for that day, until Tuesday, the 2d of November, 1897—same having been done an account of yellow fever quarantine.

That on the 12th of October, 1897, the judge made an order to the effect, that there would be held a special term of court, commencing on Monday, the 15th of November, 1897; and that said order was subsequently so modified as to fix the date of the opening of said special term of court on the 24th of November, 1897.

That on Tuesday, the 2d of November, 1897, the day fixed by the order of the judge for the holding of the regular term of court, the sheriff returned into court the *venire facias*, containing the list of grand and petit jurors, and that same were regularly called and answered to their names, and therefrom the grand jury was regularly chosen, set apart and sworn.

That on Thursday, the 4th of November, 1897, the court ordered the jury commission to draw, without delay and *instanter*, for service at the special term to be convoked and holden on the 24th of November, 1897, thirty names for service as petit jurors.

That on Friday, the 5th of November, 1897, the grand jury returned into court the indictment against the defendants, charging them with the larceny of five cows.

That on Monday, the 8th of November, 1897, the two defendants were regularly arraigned, and pleaded not guilty and elected to be tried by a jury; and that upon the same date the judge made an order that the criminal term of the court be adjourned until the 24th of November, 1897, and that all persons under bond be directed and required to report at that time.

That on the 24th of November, 1897, the judge made an order directing and requiring the jury commission to forthwith draw from the general *venire* box the names of fifty persons to serve as tales jurors, on the 30th of November, 1897.

That on the 26th of November, 1897, the cause was by consent of parties fixed for trial on the 30th of November, 1897.

That the defendant's motion to quash was filed on the 30th of November, 1897, the day set for the trial.

It thus appears that the statement of judge was fully justified by the record—the grand jury having been drawn and regularly organized on the 3d of November, 1897, the first day of the term of court at which the indictment was found and presented to the court, and under which the defendants were regularly arraigned and plead not guilty several days subsequently.

It is of no consequence that the court was, on the 4th of October, 1897—the day fixed by law for it to have convened—adjourned over, by order of the judge, to the 2d of November, 1897; as the judge also ordered the sheriff to open the court regularly on the 4th of October, 1897, and adjourn same to the date designated, and to discharge all jurors who had been summoned until that date.

Under that state of facts, the regular term of the court did not lapse, but was only adjourned; and consequently the grand jury was properly and legally organized on the 2d of November, 1897, the date to which the regular term of court had been adjourned.

Subsequently the grand jury presented the indictment against the defendants; and several days thereafter the defendants were arraigned, plead not guilty, and demanded a trial by jury.

Several days subsequently, the cause was, by consent, fixed for trial; and four days later the defendants' motion to quash was filed, seeking to avail themselves of alleged formal defects in the organization of the grand jury.

If in point of fact these alleged informalities actually existed, they must have been as well known to the defendants at the time the

indictment was filed, and they were arrested thereunder as they were at the time the motion to quash was filed.

That a motion to quash an indictment on the ground that the *venire* was irregularly drawn came too late, same not having been filed on the first day of the term, and no exceptional circumstances having been stated as rendering compliance with the law in that respect impracticable, has been recently held by this court on the faith of previous adjudications. State vs. Collions, 48 An. 1454; State vs. Pruett, 49 An. 283; State vs. Ashworth, 41 An. 683; State vs. Vance, 31 An. 399; State vs. Sterling, 41 An. 679; State vs. Leftwich, 46 An. 1195.

In the instant case no exceptional circumstance is stated which rendered compliance with legal requirements impracticable, and hence we deem it our duty to adhere to previous adjudications and sustain the ruling of the trial judge.

There are some other bills of exceptions in the record, but inasmuch as they have not been argued in the brief of the defendants' counsel we do not feel called upon to examine and pass upon them.

Judgment affirmed.